UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CenterPoint Energy Resources Corp.,                    Case No. 16-cv-3543 (PAM/KMM)

                    Plaintiff,

v.                                                     **MEMORANDUM AND ORDER**

Gas Workers Union, Local No. 340,

                    Defendant.

_____

This matter is before the Court on Plaintiff CenterPoint Energy Resource Corporation's ("CenterPoint") Motion to Vacate Arbitration Award and Defendant Gas Workers Union, Local No. 340's ("the Union") Motion to Confirm Arbitration Award. For the following reasons, CenterPoint's Motion is granted and the Union's Motion is denied.

**BACKGROUND**

CenterPoint is a domestic energy delivery company that, among other things, employs service technicians to provide maintenance services for its customers' heating, ventilation, and air conditioning systems.  The Union is a labor organization that represents various employees at CenterPoint, including service technicians.

On May 1, 2015, CenterPoint and the Union entered into a collective bargaining agreement ("CBA") that governed the terms and conditions of employment at CenterPoint.  The CBA requires that employment disputes not resolved through an internal grievance policy are subject to arbitration.  Article 26 of the CBA further provides that:

The Company has the right to employ or promote in accordance with the provisions of this Agreement, to enforce discipline, to discharge employees for cause, including failure to recognize authority, to discharge or discipline new employees with or without cause before they shall have completed their applicable probationary period (such new employees retain the right to file grievances alleging contractual violations). Without excluding other causes for discharge, the following shall constitute absolute causes from which there shall be no appeal to negotiation or arbitration between the Company and the Union (except that the question of whether the employee has been guilty of the facts constituting such absolute causes shall be a negotiable controversy) namely:

1. Use of, or being under the influence of, alcohol or non-medical drugs at any time during the work day.
2. Dishonesty
3. Neglect of Duty
4. Abuse of Sick Leave

(Collins Decl. Ex. 1 (Docket No. 14-1) at 37-38).

On September 14, 2015, CenterPoint fired one of its service technicians, Mark Ness. CenterPoint fired Ness after it discovered—through its GPS tracking system—that Ness had been spending time in restaurants, parks, and gas station parking lots while claiming on his electronic timecard that he was working. The Union immediately filed a formal grievance. Because the parties were unable to resolve the matter through CenterPoint's internal grievance policy, they submitted the matter to arbitration.

The parties participated in an arbitration hearing on April 8, May 3, May 4, and May 20, 2016. The parties also submitted post-hearing briefing to the Arbitrator. On September 15, 2016, the Arbitrator issued an award in which he concluded that CenterPoint had:

failed to prove that Mr. Ness was guilty of dishonesty or neglect of duty for a total of six hours on the days in question. However, the Arbitrator concludes that Mr. Ness is guilty of dishonesty or neglect of duty on some

of days [sic] in question, but must find that the discharge penalty imposed on Mr. Ness was arbitrary and discriminatory and must be modified to comport with the seriousness, length and scope of his misconduct.

(Collins Decl. Ex. 2 (Docket No. 14-2) at 52.)   The Arbitrator determined that the appropriate remedy was reinstatement with no back pay.  (Id.)

Following the Arbitrator's award, CenterPoint filed this lawsuit and moved to vacate the arbitration award.  The Union subsequently moved to confirm the arbitration award.

**DISCUSSION**

Review of an arbitrator's award under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, is extremely deferential, limited only to determining: (1) whether the parties agreed to arbitrate; and (2) whether the arbitrator has the power to make the award that he made.  Minnesota Nurses Ass'n v. N. Mem'l Health Care, 822 F.3d 414, 418 (8th Cir. 2016).  Because the parties agreed to arbitrate, the only issue here is whether the Arbitrator had the authority to make the award that he did.

A labor arbitration award should be enforced "so long as it draws its essence from the collective bargaining agreement."  United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960).  If an arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."  United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987).

An arbitrator's authority, however, is not unlimited.  Med. Shoppe Int'l, Inc. v. Turner Investments, Inc., 614 F.3d 485, 488 (8th Cir. 2010).  Instead, it "derives from

and is limited by the CBA." Midwest Div.-LSH, LLC v. Nurses United for Improved Patient Care, 720 F.3d 648, 650 (8th Cir. 2013). Courts may vacate an award "if the arbitrator ignored or disregarded the plain language of an unambiguous contract or nullified a provision of the contract." Star Tribune Co. v. Minnesota Newspaper Guild Typographical Union, 450 F.3d 345, 348 (8th Cir. 2006). And although an arbitrator may look to outside sources in interpreting a CBA, "he must construe the contract and he may not amend it." Int'l Paper Co. v. United Paperworkers Int'l Union, 215 F.3d 815, 817 (8th Cir. 2000). Simply put, an award "cannot simply reflect the arbitrator's own notions of industrial justice." Misco, 484 U.S. at 38.

The Arbitrator here acted outside the scope of his authority by disregarding the plain language of the CBA. The CBA states that, without excluding other causes for discharge, "the following shall constitute absolute causes from which there shall be no appeal to negotiation or arbitration between the Company and the Union (except that the question of whether the employee has been guilty of the facts constituting such absolute causes shall be a negotiable controversy)." (Collins Decl. Ex. 1 at 37-38.) The CBA then lists dishonesty and neglect of duty as two of the four absolute causes, of which there can be no appeal to arbitration. (Id.) This provision clearly and unambiguously limits the arbitrator's authority to determining whether an employee is guilty of the facts constituting any of the four absolute causes. Once the arbitrator makes that determination, the arbitrator's authority ceases and he can no longer fashion a remedy he believes is appropriate given the circumstances. The Arbitrator here found Ness guilty of

dishonesty or neglect of duty. (Collins Decl. Ex. 2 at 52.) At that point, the Arbitrator did not have the authority to reverse CenterPoint's decision to fire Ness.

CenterPoint raised this argument in their post-hearing brief. The Arbitrator, however, rejected it stating, "it is clear that the Parties did not intend that any employee found to have committed one of the four listed offenses could be summarily discharged without regard to the factors arbitrators normally consider in determining whether there was just cause for discharge." (Id. at 49-50.) The Arbitrator went on to state, "[t]o interpret Article 26 in any other manner would violate all of the basic notions of fairness and due process firmly established in the history of industrial relations." (Id. at 50.) But regardless of the parties' intent when drafting it, the CBA unambiguously limits the Arbitrator's authority and allows CenterPoint to terminate an employee found to have committed one of the four listed absolute causes. Moreover, the Supreme Court prohibited arbitrators from dispensing their "own notions of industrial justice," something the Arbitrator admitted doing by his own words. See Misco, 484 U.S. at 38.

Two Eighth Circuit cases are on point. In Truck Drivers & Helpers Union Local 784 v. Ulry-Talbert Co., an employer fired an employee for falsifying his timecards. 330 F.2d 562 (8th Cir. 1964). The arbitrator found the employee guilty of the offense but determined that termination was an excessive penalty. Id. The district court vacated the award after concluding that the arbitrator had exceeded his authority because the CBA forbid the arbitrator from substituting his judgment for that of the employer. Id. at 564. In affirming the district court, the Eighth Circuit stated, "[h]aving found discipline justified, the arbitrator went further and concluded that discharge was an 'excessive

5

penalty for said misconduct' and directed reinstatement.  In this he exceeded his authority." Id.

In another case, a theater company fired a stagehand for an unauthorized work stoppage.  St. Louis Theatrical Co. v. St. Louis Theatrical Bhd. Local 6 of Int'l All. of Theatrical Stage Emps. & Moving Picture Operators of U.S. & Canada 715 F.2d 405, 406 (8th Cir. 1983).  The CBA stated that any employee participating in an unauthorized work stoppage "may be disciplined or discharged and shall have no recourse to any other provisions of this Agreement except as to the fact of participation." Id. at 408.  The arbitrator found that the stagehand participated in an unauthorized work stoppage merely by turning up the house lights for 10-15 minutes while three actors were trying to rehearse a play.  Id. at 407.  The arbitrator, however, reinstated the stagehand after reducing his discipline to a 30-day suspension.  Id.  The district court vacated the reinstatement and the Eighth Circuit affirmed, reasoning that, under the CBA, "the arbitrator's authority extended only to finding whether [the stagehand] engaged in a work stoppage" and therefore the award "failed to draw its essence from the collective bargaining agreement." Id. at 409.

Like the arbitrators in Ulry-Talbert and St. Louis Theatrical, the Arbitrator here exceeded the authority granted to him by the CBA when he reinstated Ness after concluding that he had engaged in dishonesty and neglect of duty.

**CONCLUSION**

The Arbitrator exceeded the authority granted to him by the CBA.  Accordingly,

**IT IS HEREBY ORDERED that:**

6

1.      CenterPoint's Motion to Vacate Arbitration Award (Docket No. 8) is

   **GRANTED**;

2.       the Union's Motion to Confirm Arbitration Award (Docket No. 10) is

   **DENIED**; and

3.      the arbitration award in this matter is **VACATED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: _____*January 17, 2017*_____

                              _____*s/ Paul A. Magnuson*_____
                              Paul A. Magnuson
                              United States District Court Judge